# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2333
_____

United States of America

*Plaintiff - Appellee*

v.

Darnell L. Clemons

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: July 16, 2026
Filed: July 21, 2026
[Unpublished]
_____

Before LOKEN, L.R. SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Darnell Clemons appeals after he pleaded guilty to carjacking, ammunition, and firearms offenses, pursuant to a plea agreement containing an appeal waiver. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), concluding that there are no non-frivolous issues for appeal after

thoroughly reviewing the record. In a pro se supplemental brief, Clemons raises claims of ineffective assistance of trial counsel and prosecutorial misconduct.

After de novo review, we will enforce the appeal waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). First, Clemons's statements to the district court[1] at the change-of-plea hearing contradict any suggestion that he unknowingly or involuntarily entered into the plea agreement or appeal waiver, as he testified under oath that he understood the maximum potential penalties and the terms of the plea agreement and appeal waiver; he was fully satisfied with counsel; he had no questions; no one had promised or predicted what sentence he might receive; and no one had forced, threatened, or coerced him to plead guilty. See Andis, 333 F.3d at 890-91; Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997). To the extent he claims that trial counsel provided ineffective assistance in connection with the plea and other aspects of his proceedings, we conclude those claims are more appropriate for collateral review. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006); see also United States v. Griffin, 668 F.3d 987, 989-91 (8th Cir. 2012). Second, Clemons's implicit pro se challenges to the sentencing calculations fall within the scope of the appeal waiver, and his claims of prosecutorial misconduct both fall within the scope of the waiver and were otherwise waived by pleading guilty. See Scott, 627 F.3d at 704; United States v. Cain, 134 F.3d 1345, 1352-53 (8th Cir. 1998). Third, no miscarriage of justice would result from enforcing the appeal waiver. See Hunter v. United States, 146 S. Ct. 1702, 1708, 1713-14 (2026); Andis, 333 F.3d at 891-92. Finally, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal outside the scope of the appeal waiver.

---

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Accordingly, we dismiss the appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____